UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEBORAH HELLER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2295** |
| **HILLSTONE RESTAURANT GROUP, INC.** | **SECTION: D(5)** |

ORDER AND REASONS

Before the Court is a Motion *in Limine* filed by Defendant Hillstone Restaurant Group, Inc. ("Hillstone"), challenging the admission eight specific types of evidence.[1] Plaintiff Deborah Heller ("Heller") opposes the Motion.[2] Defendant has filed a Reply.[3] During the pretrial conference, the Court ruled on six of the eight challenged types of evidence.[4] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **DENIES** the remainder of the Motion.

I.   FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an incident in which Plaintiff Deborah Heller alleges that she slipped and fell in the women's restroom of Houston's Restaurant after sewage started emerging out of the floor drain.[5] On November 7, 2025, Plaintiff filed the instant Motion in *Limine*.[6] Plaintiff seeks to prohibit testimony and evidence of eight specific types. During the pretrial conference, the Court ruled on six of the eight

---

[1] R. Doc. 41.
[2] R. Doc. 42.
[3] R. Doc. 44.
[4] R. Doc. 52 at pp. 1-2.
[5] The Court detailed the factual background in the Order and Reasons on Defendant's Motion for Summary Judgment (R. Doc. 65) and incorporates that background here by reference.
[6] R. Doc. 41.

1

challenged types of evidence.[7] The Court addresses the remaining types of evidence below.[8]

## II.  LEGAL STANDARD

According to the Fifth Circuit, the purpose of a motion *in limine* is to prohibit opposing counsel "from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds."[9] Under Federal Rule of Evidence 401, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, or if the fact it seeks to prove is of consequence in determining the action.[10]

While all relevant evidence is admissible, the Court may exclude relevant evidence if its probative value is substantially outweighed by danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[11] However, the Fifth Circuit has held that, "[t]he exclusion of evidence under Rule 403 should occur only sparingly."[12] Additionally, "[r]elevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of

---

[7] R. Doc. 52 at pp. 1-2.
[8] The Motion is pending only as it relates to Items C and G, as listed in Defendant's Motion, R. Doc. 41.
[9] *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation modified).
[10] FED. R. EVID. 401.
[11] FED. R. EVID. 403.
[12] *United States v. Pace*, 10 F.3d 1106, 1115–16 (5th Cir. 1993); *See United States v. Powers*, 168 F.3d 741, 749 (5th Cir. 1999).

relevant matter under Rule 403."[13]  District courts are afforded wide discretion in determining the relevance and admissibility of evidence under Fed. R. Evid. 401 and 402.[14]  A district court's ruling on evidentiary issues is reviewed by an appellate court for an abuse of discretion.[15]  Thus, when the district court conducts "a carefully detailed analysis of the evidentiary issues and the court's own ruling, appellate courts are chary about finding an abuse of discretion."[16]

### III.  ANALYSIS

In the instant Motion, Defendants seek to exclude evidence of eight specific types, two of which remain pending. The Court considers the arguments regarding those two issues in turn.

### A. Motion *in limine* to prohibit testimony and/or evidence from Daniel Morris (or any other witness) regarding any alleged statements made by any employee of Hillstone immediately following the accident.

Defendant moves to prohibit testimony from Daniel Morris or any other witness regarding any alleged statements that were made by any of Defendant's employees immediately following Plaintiff's fall in the women's restroom.[17] Defendant argues that alleged statements testified to by Daniel Morris are inadmissible hearsay because Plaintiff cannot prove that the employee that allegedly made the statements was an employee or had the authority to speak for Hillstone

---

[13] *Pace*, 10 F.3d at 1115–16 (citation modified).
[14] *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008).
[15] *Kelly v. Boeing Petroleum Services, Inc.*, 61 F.3d 350, 356 (5th Cir. 1995).
[16] *Id*.
[17] R. Doc. 41-2 at p. 7. To the extent that Defendant seeks to exclude testimony from "any other witness," the Court does not have sufficient information regarding these unknown and unnamed witnesses or any statements made by them to make a ruling as to those other unnamed witnesses.

3

regarding the statements.[18] Furthermore, Defendant contends that the statements are not relevant to the issue of notice or any other issue that forms part of Plaintiff's claim.

Plaintiff responds that Daniel Morris can establish that the declarant of the statements was a Houston's manager because of the manager's actions after Plaintiff's fall.[19] Plaintiff further contends that the fact that the sewage back-up may have been an ongoing occurrence is relevant to the issue of whether Defendant knew or should have known of a defect that it refused to remedy.[20] Defendant replies that the alleged statements of the declarant are irrelevant to "how long the hazard existed, the cause of the blockage, or the cause of any prior blockage" and should be excluded as such.[21] Furthermore, Defendant argues that the evidence offered by Plaintiff is not enough to establish that the declarant was an employee and that the employee was cloaked with managerial authority.

Rule 801 of the Federal Rules of Evidence provides that a statement is not hearsay if it "is offered against an opposing party and…was made by the party's agent or employee on a matter within the scope of that relationship and while it existed."[22] The Fifth Circuit has held that when considering such testimony, while the party need not provide a name in all cases, "a district court should be presented with sufficient evidence to conclude that the person who is alleged to have made the

---

[18] *Id.* at p. 9. The alleged statements, specifically, that "that kind of happens" and "it's been flooding like that" are referenced in Morris' deposition testimony. *See* R. Doc. 41-5 at p. 7 and R. Doc. 42-2 at p. 3.
[19] R. Doc. 42 at p. 4.
[20] *Id.* at p. 3.
[21] R. Doc. 44 at p. 3.
[22] FED. R. EVID. 801(d)

4

damaging statement is in fact a party or an agent of that party for purposes of making an admission within the context of Rule 801(d)(2)(D)."[23]

Plaintiff largely relies on a ruling from another section of this court in which the Court found that a Plaintiff had not presented evidence to demonstrate that the declarants were agents or employees of Defendant in the course and scope of their employment.[24] In that case, the Court noted that the Plaintiff did not provide any information that described the representatives themselves or the place or time of the negotiations.[25]

Unlike *Namer*, however, here the Court finds that the Plaintiff, as the proponent of the statement, has provided sufficient evidence to conclude that the person who Morris alleges made the statement is an employee of Hillstone. Morris testified in his deposition that the declarant who made the challenged statements flushed the toilets again after Plaintiff fell and additionally began to offer Plaintiff and Morris complimentary drinks.[26] Investigating the accident and offering complimentary drinks demonstrates that the declarant was an employee at the restaurant and supports that the statements about the bathroom were made within the course and scope of that employment relationship, as is required by Fed. R. Evid. 801(d)(D). Furthermore, Morris's testimony that the employee responded to and investigated the incident seemingly supports that supervision of incidents involving

---

[23] *Davis v. Mobil Oil Expl. & Producing Se., Inc.*, 864 F.2d 1171, 1174 (5th Cir. 1989).
[24] *Namer v. Am. Internet Servs., LLC*, No. CV 15-3317, 2016 WL 828223, at *5 (E.D. La. Mar. 3, 2016).
[25] *Id.*
[26] R. Doc. 42-2, *Deposition of Daniel Morris*, at pp. 3-4. Morris and Heller's receipt from the night in question appears to corroborate Morris's testimony as it reflects "PR COMP." *See* R. Doc. 37-5.

5

the restaurant's guests fall within the scope of the employee's job.[27] This evidence is sufficient for the Court to find that the declarant was an employee of the restaurant and speaking on a matter within the course and scope of his employment. The Court turns to the relevancy of the statements.

Under Fed. R. Evid. 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."[28] However, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of…unfair prejudice, confusing the issues, [or] misleading the jury."[29] Defendant argues that Morris's statements are inadmissible because they are irrelevant to the present case.[30] Plaintiff argues that the statements are relevant because his statements can be used to demonstrate that Defendant had knowledge of a defect in its sewage system.[31] Under Louisiana's merchant liability statute, a plaintiff must demonstrate that the merchant either created the hazard or had actual or constructive knowledge of the hazard.[32] These statements relate to the issues of whether Defendant created or had constructive notice of a hazard in its sewage system because they make that fact more or less probable and whether Defendant breached a duty owed to Plaintiff. As a result, the Court finds this evidence relevant under Rule 401.

---

[27] *Id.* at p. 3.
[28] FED. R. EVID. 401
[29] FED. R. EVID. 403.
[30] R. Doc. 41-2 at p. 10.
[31] R. Doc. 42 at p. 3.
[32] La. R.S. § 9:2800.6.

Furthermore, because Defendant can call Nick Siegel, the person who Plaintiff avers made the statements to Morris, to testify, any danger of unfair prejudice is mitigated by Defendant's ability to call the alleged declarant to rebut the testimony of Morris. As such, these statements do not run afoul of Rule 403. Thus, testimony from Mr. Morris regarding the statements are relevant under Rule 401, not barred by Rule 403, and admissible under Rule 801.

### B. Motion *in limine* to prohibit testimony that the sewer/sanitary line had dips or "bellies" or that sewer/sanitary line was in violation of any standards.

Defendant argues that Plaintiff should not be permitted to introduce evidence or testimony that the sewer/sanitary line for the women's restroom at Houston's contained "bellies" or that these alleged "bellies" violated plumbing industry standards.[33] Defendant contends that this evidence is irrelevant and that, even if found to be relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.[34] Furthermore, Defendant states that, to the extent that Plaintiff attempts to introduce this evidence using her expert witness, the testimony would constitute irrelevant expert testimony under Fed. R. Evid. 702.[35]

Plaintiff responds that testimony regarding bellies in the sewer/sanitary line is admissible because it is relevant and comports with *Daubert*.[36] Plaintiff states that

---

[33] R. Doc. 41-2 at p. 14.
[34] *Id.* at p. 15 (citing FED R. EVID. 401, 403).
[35] *Id.* at pp. 15-16. Importantly, in its Motion Defendant challenges neither Serauskas's qualifications as an expert witness nor the reliability of the methods by which he arrived at his conclusions.
[36] R. Doc. 42 at p. 6.

7

she intends to call Damien Serauskas as an expert witness to testify about the bellies in the sewer.[37] Plaintiff contends that Serauskas's testimony will assist the jury in determining whether Defendant had constructive notice of issues with its sewer prior to Plaintiff's fall that was allegedly caused by sewage back-up.[38] Plaintiff argues that this testimony is probative of whether the piping underneath the women's restroom is prone to blockages and whether those bellies contribute to plumbing blockages.[39] Defendant replies that Serauskas has not opined on what caused the clog at issue in the present case and that, as a result, his testimony should not be admitted.[40] Defendant also states that, to the extent that Plaintiff relies on Serauskas's affidavit to "cure" alleged defects in his report and sworn testimony or conflicts with either, it should not be considered by the Court.[41]

"Evidence is relevant if…it has any tendency to make a fact more or less probable than it would be without the evidence."[42] Furthermore, expert testimony must be "the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue."[43] This requirement that testimony assist the trier of fact "requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility."[44]

---

[37] *Id.* at pp. 7-10.
[38] *Id.* at p. 10.
[39] *Id.* at p. 12.
[40] R. Doc. 44 at p. 5.
[41] *Id.* at p. 6.
[42] FED. R. EVID. 401.
[43] *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003).
[44] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592, 113 S. Ct. 2786, 2796, 125 L. Ed. 2d 469 (1993).

Under Louisiana's merchant liability statute, the Plaintiff must prove that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence."[45] The statute defines "constructive notice" as when the Plaintiff "has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care."[46] The Plaintiff "must make a positive showing of the existence of the condition prior to the fall."[47]

In his report, Serauskas detailed his reasoning and arrival at the conclusion that there were bellies in the underground piping at Houston's.[48] Serauskas testified in his deposition that it was "highly likely that the bellies existed" at the time of Plaintiff's fall in August 2023 and that such bellies "would have been a highly likely contributing factor to recurring clogs in that piping."[49] The Court finds that Serauskas's testimony and report will assist the trier of fact in the present case because those opinions relate to whether Defendant created or had actual or constructive knowledge of the hazard that allegedly caused the damage.[50] Proving creation or notice is a requirement under the applicable Louisiana law.[51] Serauskas's proposed testimony links the bellies to the causation of the hazard that Plaintiff

---

[45] La. R.S. 9:2800.6.
[46] *Id.*
[47] *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1084 (La. 9/9/97).
[48] R. Doc. 42-4 at pp. 7-8.
[49] R. Doc. 42-1, Deposition of Damien Serauskas, PE, at pp. 4, 6-7. To the extent that Defendant objects to the use of the Serauskas affidavit, the Court bases its finding of relevance regarding Serauskas's proposed testimony on his report and sworn testimony during his deposition. *See* R. Doc. 44 at p. 6.
[50] La. R.S. 9:2800.6 (B)(2).
[51] *See White*, 600 So. 2d at 1084 ("This statute is clear and unambiguous. The statute uses the mandatory 'shall.' Thus, in addition to all other elements of his cause of action, a claimant must also prove each of the enumerated requirements of Section (B).").

alleges caused her fall. The issues which Defendant has identified are appropriate topics of cross-examination and speak more to the scope of Serauskas's testimony rather than its admissibility or relevance. The Court also finds that the probative value of said testimony regarding alleged "bellies" in the sewer/sanitary line of Houston's outweighs any danger of unfair prejudice, confusion of the issues, or misleading the jury and that, as such, it should not be excluded.

### IV.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the pending portions[52] of the Motion[53] are **DENIED.**

New Orleans, Louisiana, January 9, 2026.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[52] The Motion is pending only as it relates to Items C and G, as listed in Defendant's Motion, R. Doc. 41.
[53] R. Doc. 41.